UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-311(2)(DSD/TNL)

United States of America,

        Plaintiff,

v.                                                          **ORDER**

Tyler Floyd Manske,

        Defendant.


    Thomas M. Hollenhorst, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Tyler Floyd Manske, #18847-041, USP McCreary, POB 3000, Pine Knot, KY 42635, defendant pro se.


    This matter is before the court upon the pro se motion by defendant Tyler Floyd Manske to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.


**BACKGROUND**

    On December 21, 2015, Manske pleaded guilty to Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2).  On March 31, 2016, the court sentenced Manske to 300 months' imprisonment.  Manske appealed his sentence, and on May 16, 2016,

the appeal was dismissed.  Manske now moves to vacate his sentence, arguing that (1) he did not knowingly and voluntarily enter a guilty plea; and (2) the sentence violated due process.

**DISCUSSION**

## I.   Guilty Plea

Because a guilty plea constitutes a waiver of constitutional rights, "[i]t is beyond dispute that [it] must be both knowing and voluntary." Parke v. Raley, 506 U.S. 20, 28-29 (1992).  In order to accept a plea of guilty, the court must place the defendant under oath and determine that the defendant understands, among other things, his rights, the nature of the charge, and the possible penalty for the offense.  See Fed. R. Crim. P. 11(b). Here, there is no doubt that Manske knowingly and voluntary pleaded guilty.  Manske testified that he was of sound mind and not under the influence of alcohol or drugs.  ECF No. 91, at 3-5.  Manske stated that he understood the possible penalties he faced for each of the offenses and the guideline factors as outlined in the plea agreement.  Id. at 6-10.  The government and the court fully explained all the rights that he would be giving up if he pleaded guilty, and Manske stated that he understood these rights.  Id. at 13-18, 24-30.  Manske, in response to the court's questions, testified that he was appearing voluntarily, that he understood it would be very difficult to withdraw a plea of guilty, and that he

2

was satisfied with representation of his counsel.  Id. at 24-30.
Therefore, Manske knowingly and voluntarily pleaded guilty to the
offenses for which he was sentenced.

## II. Due Process

Manske argues that his sentence violated due process because
the court did not resolve disputed matters, but the record
indicates otherwise.  Manske raised two issues at sentencing: (1)
he disputed the two-level enhancement for reckless endangerment;
and (2) he moved for a downward departure arguing that his criminal
history score of VI overstated the seriousness of his criminal
history and the likelihood that he would re-offend.  ECF No. 139,
at 5-6.  The court addressed each of these arguments and made
factual findings in support of its decision to apply the reckless
endangerment enhancement and to deny the motion for a downward
departure.  Id.

Manske also argues that there was insufficient evidence to
support a finding that he was responsible for 1.5 kilograms of
actual methamphetamine.  But Manske specifically agreed to the drug
amount in his plea agreement and did not contest that amount at
sentencing.  ECF No. 46 ¶ 7a.  Further, a laboratory analysis of
the seized methamphetamine shows that Manske possessed at least 1.5
kilograms of actual methamphetamine during the course of the
conspiracy.  See ECF No. 140, Ex. 1.  Therefore, even if the court
somehow erred at sentencing, Manske cannot show any resulting

prejudice.

Finally, Manske argues that the court did not inform him of his right to appeal, but this claim is meritless. At sentencing, the court informed Manske that under the plea agreement he had waived his right to appeal his sentence, but also stated that he had fourteen days to file a notice of appeal if he believed he still had a right to appeal. ECF No. 139, at 12. The court also informed Manske of his right to counsel on an appeal. Id. As a result, Manske's sentence did not violate due process, and the court denies the § 2255 motion.

## II. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The court is firmly convinced that Manske's plea and sentence were constitutional and that reasonable jurists could not differ on the result. As a result, a certificate of appealability is not warranted.

### CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate his sentence [ECF No. 133] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: February 15, 2017

s/David S. Doty
David S. Doty, Judge
United States District Court
